


FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 DEC -1  PM 3: 52

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NUMBER 00-168 |
| EDWIN BRUMFIELD | SECTION "N" |

### JUDGMENT REVOKING SUPERVISED RELEASE

The defendant, Edwin Brumfield, came and appeared before this Court with counsel on the 1st day of December 2004 for a hearing on the Government's Rule to Revoke Supervised Release (Rec. Doc. No. 16). On November 8, 2000, Mr. Brumfield was sentenced by the United States District Court for the Eastern District of Louisiana, Honorable Edith Brown Clement, to forty-six (46) months imprisonment, followed by a three-year term of supervised release upon his release from confinement. For the duration of his supervised release, the defendant was ordered to comply with the mandatory and standard general conditions that have been adopted by this Court. In addition, the following special conditions were imposed: (1) the orientation and life skills condition; (2) the drug abuse treatment and/or testing condition; (3) a requirement that the defendant obtain a GED; and (4) the firearm restriction.

The defendant's term of supervised release commenced on November 6, 2003. The Court finds that the defendant has violated the terms and conditions of his supervised release by: (1)

DATE OF ENTRY
DEC 2 2004

___ Fee ___
___ Process ___
_X_ Dktd ___
___ CtRmDep ___
___ Doc. No. ___

submitting urine specimens to the Methodist Counseling Center on April 5, 6, 8, 9, 14, 16, and 19, 2004, that tested positive for heroin and cocaine; (2) failing to attend his group sessions at the Methodist Counseling Center on April 7,13,15,19,23, and 27, 2004, and May 3, 7, and 10, 2004; (3) failing to report to the Methodist Counseling Center for random urinalysis on April 13 and 23, 2004, and May 7, 2004; (4) failing, on two occasions in May 2004, to complete the detoxification process at the Medical Center of Louisiana required for admission for inpatient drug treatment at Fairview Hospital; and (5) failing to obtain his GED or to enroll in a GED program.

Having considered the relevant statutes, case law, the United States Sentencing Guidelines and the Chapter 7 Policy Statements, and because the defendant tested positive for cocaine and heroin on the dates previously indicated, and admitted to knowing and voluntary use and possession of those drugs on or around those dates, the Court finds that the defendant unlawfully possessed a controlled substance for purposes of 18 U.S.C. §3583(g). *See United States v. Alvarado*, 201 F.3d 379, 381 n.1 (5th Cir. 2000); *United States v. Courtney*, 979 F.2d 45, 48-50 (5th Cir. 1992); *United States v. Smith*, 978 F.2d 181, 182 (5th Cir. 1992). Thus, the Court finds revocation of the defendant's supervised release and imprisonment to be mandatory.

Under 18 U.S.C. §3583(d), however, the Court is required to consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with the United States Commission Guidelines from the mandatory revocation rule of §3583(g) when considering any action against a defendant who fails a drug test. Having considered these factors, the Court does not find that an exception is warranted because the defendant began using illegal drugs approximately five months after being released from a forty-six months term of imprisonment, and twice failed to

complete the detoxification process at the Medical Center of Louisiana necessary for admission into an inpatient drug treatment at Fairview Hospital. Under these circumstances, the Court does not believe that offering participation in yet another substance abuse program, as an alternative to incarceration, is appropriate. Furthermore, even if the Court did not find revocation and imprisonment to be mandatory under section 3583(g), the Court, for similar reasons, finds revocation and imprisonment to be appropriate under the discretionary authorization provided by 18 U.S.C. §3583(e)(3).

Having found revocation and imprisonment to be warranted, the Court must determine the appropriate term of imprisonment. Under the Chapter 7 Policy Statements of the United States Sentencing Commission, the applicable range of prison time depends on the defendant's criminal history category and the grade of the probation violation. According to Policy Statement §7B1.1(b), when there is more than one violation of the conditions of supervision, the grade of the probation violation is determined by the violation having the most serious grade. Here, the probation officer has assessed the defendant's criminal history category to be a "IV" and the supervised release violations to be "Grade C" violations.

Because the Court finds that the defendant has unlawfully possessed one or more controlled substances in violation of the conditions of his supervised release, and because the defendant previously was convicted of a drug offense in Louisiana state court, the Court further finds that, pursuant to 21 U.S.C. §844(a), the defendant's conduct is punishable by a term of imprisonment exceeding one year. *See United States v. Spriggs*, 2003 WL 1795874 (6th Cir.); *United States v. Trotter*, 270 F.3d 1150 (7th Cir. 2001); *United States v. Crace*, 207 F.3d 833 (6th Cir. 2000); *United States v. Griffin*, 201 F.3d 438, 1999 WL 1080107 (4th Cir. 1999); *United States v. Justice*, 2003 WL

21107305 (S.D. W.Va. 2003); *United States v. Wallace*, 90 F. Supp.2d 1196, 1198-1200 (D. Kansas 2000). Accordingly, the defendant's supervised release violations are Grade B violations for purposes of U.S.S.G. Policy Statements §§7B1.1 and 7B1.4. *Id.* Thus, based on the defendant's criminal history category of "IV", the applicable range of imprisonment is 12-18 months.

Pursuant to the Sentencing Reform Act of 1984, **IT IS THE JUDGMENT** of this Court that Edwin Brumfield's term of supervised release is revoked; and that he is committed to the custody of the Bureau of Prisons for a period of twelve (12) months. The Court believes this sentence will provide the defendant with sufficient time to obtain appropriate drug abuse treatment. The Court recommends to the Bureau of Prisons that, to the extent possible, the defendant be assigned to a facility where he can receive appropriate drug testing and treatment, including participation in a twelve-step program. As a secondary consideration, Court recommends to the Bureau of Prisons that, to the extent possible, the defendant be assigned to a facility where he can earn his GED.

Because the defendant has not achieved positive results while on supervised release, and the Court is not convinced that he will be amenable to supervised release in the future, he shall not be placed on supervised release after he completes his term of imprisonment.

**IT IS FURTHER ORDERED** that Edwin Brumfield be remanded to the custody of the United States Marshall.

New Orleans, Louisiana, this ___1st___ day of December 2004.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE